TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00068-CV







In the Matter of M. P. A.







FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT

NO. 183,451-C, HONORABLE DERWOOD JOHNSON, JUDGE PRESIDING






O R D E R

PER CURIAM

 Appellant M.P.A. filed a petition for bill of review with the trial court, seeking to set
aside a juvenile court adjudication order. When the bill of review was denied, appellant filed with
this Court a notice of appeal from that denial. He also filed a motion to set bond and a second
motion to set bond; both were overruled by this Court. Appellant has now filed with this Court a
third motion to set bond, requesting that this Court set a reasonable bond for his release from
custody. 

 Section 56.01(g) of the family code provides that an appeal from an order of the
juvenile court does not suspend the order or release the child from custody, unless the juvenile court
so orders. Tex. Fam. Code Ann. § 56.01(g) (West Supp. 2002). The appellate court, however, may
provide for a personal bond. Id. This section, allowing the appellate court to set a personal bond,
appears in the statute addressing a juvenile's right to appeal from an order of the juvenile court. See
id. § 56.01(a).

 Appellant does not appeal from a juvenile court order. Rather, he appeals from a
judgment denying his petition for bill of review. A bill of review is an equitable proceeding by a
party to a former action who seeks to set aside a judgment that is no longer appealable or subject to
challenge by a motion for new trial. Wembley Inv. Co. v. Herrera, 11 S.W.3d 924, 926-27 (Tex.
1999). Accordingly, M.P.A.'s appeal is not an appeal under the family code, and this Court will not
rely on the family code to set a personal bond. We overrule M.P.A.'s third motion to set bond. 

 It is so ordered November 13, 2002.


Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Do Not Publish